This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAVID KARPIEN**,

    Petitioner-Appellant,

v.                                      **NO. 30,933**

**DAWN KARPIEN**,
**a/k/a DAWN JOHNSON**,

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Chappell Law Firm, P.A.
Sidney Childress
Albuquerque, NM

for Appellant

Trujillo Dodd, Torres, O'Brien, Sanchez, LLC
Donna Trujillo Dodd
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Husband appeals an order dividing community property after remand from this Court. We proposed to reverse the property division. Wife has timely responded. We have considered her arguments and not being persuaded, we reverse.

In our notice, we proposed to reverse the determination regarding the valuation of the residence and the debt attached thereto. In so doing, we proposed to conclude that determining the equity in the community residences by using asset and debt values from different years was error. Wife responds that the district court was invoking its equitable powers in its determination of the value of the community residence. Thus, she argues, the district court considered Husband's use of the residence over the years since the parties' separation. She contends that Husband did not sell the house in 2007 when originally ordered to do so and, as a result, she lost money. [MIO 3] She also contends that she should have been entitled to rent from Husband for his use of the residence. [MIO 3] All these circumstances, she contends, the district court could have taken into consideration in determining the value of the community residence.

While we agree that the district court could take such things into consideration in determining how to divide community property, there is no suggestion in the record

that the district court did take those things into consideration. The district court's order does not contain factual findings to explain his use of valuation from different years. Without such explanation, we must conclude that the district court erred.

Further, Wife argues that equity factored into the district court's determination that the insurance proceeds were community property. If property is separate as the life insurance policy proceeds were here, it remains separate, and the district court cannot award it as community property. Thus, the district court's division of community assets, which included the insurance proceeds in Husband's assets, is in error. Further, there is nothing in the record supporting Wife's claim that Husband was allowed to pocket reimbursements for Wife's medical bills that should have been calculated as community. This does not cure any error in awarding as community property that which is separate.

Wife's argument that the district court's equitable powers support the property division here are unsupported by record. While she poses a number of considerations that the district court *could* have made. There is nothing in the record suggesting that is what the district court did do.

For the reasons stated herein and in the calendar notice, we reverse and remand for recalculation and division of the community property.

**IT IS SO ORDERED**.

3

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**